UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN, CDCR #V-22349,<br><br>Plaintiff,<br><br>vs.<br><br>F. FOUNTAIN, et al.,<br><br>Defendants. | Case No.: 3:18-cv-02890-LAB-RBM<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

## I. Procedural History

Tony Blackman ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California on December 14, 2018. (*See* Compl., ECF No. 1.)

On December 27, 2018, United States Magistrate Judge Barbara A. McAuliffe determined that the claims in his Complaint arose in San Diego; therefore, she transferred the action to the Southern District of California pursuant to 28 U.S.C. § 1406(a). (*See* ECF No. 2.)

/ / /

/ / /

1

## II. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that every prisoner who is granted leave to proceed IFP must pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff did not pay the filing fee required to commence a civil action when he filed suit in the Eastern District of California, and he has yet to file a Motion to Proceed

2

3:18-cv-02890-LAB-RBM

IFP pursuant to 28 U.S.C. § 1915(a) in this Court. Therefore, Plaintiff's case cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051. And while this Court would typically grant him leave to file an IFP Motion, Plaintiff has abused that privilege and is therefore precluded from doing so by 28 U.S.C. § 1915(g), unless he contends to have faced "imminent danger of serious physical injury" at the time of filing. He makes no such claims here.

### III. 28 U.S.C. § 1915(g)'s "Three-Strikes" Bar

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews*, 493 F.3d at 1052 (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district

3

3:18-cv-02890-LAB-RBM

court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). Plaintiff has made no adequate showing that he faced "imminent danger of serious physical injury" in his Complaint.

While Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Tony Blackman, identified as CDCR Inmate #V-22349, has had at least six prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Blackman v. Hartwell, et al.*, Civil Case No. 1:99-cv-05822-REC-HGB (E.D. Cal. Jan. 19, 2001) (Findings and Recommendations ["F&R"] re Dismissal of Action) (ECF No. 9 at 2) ("[T]he court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief."); (E.D. Cal. March 12, 2001) (Order Adopting F&R "in full" and dismissing action "for failure to state a claim upon which relief can be granted.") (ECF No. 10 at 2) (strike one);

2) *Blackman v. Medina*, Civil Case No. 3:05-cv-05390-SI (N.D. Cal. March 13, 2006) (Order of Dismissal without leave to amend pursuant to 28 U.S.C. § 1915A) (ECF No. 5 at 5) ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike two);

3) *Blackman v. Variz*, Civil Case No. 3:06-cv-06398-SI (N.D. Cal. Dec. 18, 2006) (Order of Dismissal per 28 U.S.C. § 1915A) (ECF No. 5 at 5) ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike three);

4) *Blackman v. Taxdahl, et al.,* Civil Case No. 1:04-cv-06389-AWI-LJO (E.D. Cal. Feb. 27, 2007) (F&R to Dismiss Action without leave to amend for "fail[ure] to state a claim for relief under section 1983.") (ECF No. 8 at 5); (E.D. Cal. May 18, 2007) (Order Adopting F&R "in full" and "Dismissing Entire Action.") (ECF No. 9) (strike four);

5) *Blackman v. Mantel, et al.*, Civil Case No. 3:07-cv-02609-SI (N.D. Cal. Sept. 5, 2007) (Order of Dismissal per 28 U.S.C. § 1915A) (ECF No. 4 at 4) ("[T]his action is dismissed without leave to amend because the complaint fails to state a claim upon which relief may be granted.") (strike five); and

6) *Blackman v. Evans, et al.*, Civil Case No. 1:06-cv-00081-GSA (E.D. Cal. Feb. 3, 2009) (Order Dismissing Action, with prejudice, "based on plaintiff's failure to state any claims upon which relief may be granted under section 1983.") (ECF No. 18 at 2) (strike six).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## IV. Conclusion and Order

For the reasons discussed, the Court:

1) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

2) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

3) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: January 16, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge